IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| KIMBERLY COUCH, | ) |
|     Plaintiff, | ) |
| v. | ) CASE NO. 2:25-cv-835-ECM-JTA |
| | ) (WO) |
| KAY IVEY, Gov., et al, | ) |
|     Defendants. | ) |

## **ORDER**

Before the court is *pro se* Plaintiff Kimberly Couch's December 15, 2025 filing entitled "Show Cause/Change of Venue Demand," (Doc. No. 10), which the court CONSTRUES as a motion to change venue.[1] For the reasons stated below, the motion is denied.[2]

Plaintiff seeks a change of venue to a "superior court" for "review" of the United States District Judge's October 20, 2025 order denying her motion for a temporary

---

[1] On November 26, 2025, the court ordered Plaintiff to show cause why this action should not be dismissed for failure to prosecute and failure to comply with court orders. (Doc. No. 9.) Despite its title, Plaintiff's December 15, 2025 filing does not in any way address the potential for dismissal for failure to prosecute or failure to comply with court orders. Hence, the court does not construe the filing as a response to the November 26, 2025 order. If, contrary to appearances, Plaintiff intended the filing to serve as a response to the November 26, 2025 order, it does not comply with the order and is, therefore, simply another example of Plaintiff's noncompliance.

[2] The court exercises jurisdiction pursuant to 28 U.S.C. § 1331, as Plaintiff's claims appear to arise under 42 U.S.C. § 1983. On October 20, 2025, "pursuant to 28 U.S.C. § 636, this case [was referred] to the United States Magistrate Judge for all pretrial proceedings and entry of any orders or recommendations as may be appropriate." (Doc. No. 5 at 2.)

restraining order. (Docs. No. 4, 5.) Federal law does not countenance venue transfers from district courts for "superior court" review. *See* 28 U.S.C. § 1404(a) (providing for "transfer to any other district or division where [the action] might have been brought" "[f]or the convenience of parties and witnesses, in the interest of justice");[3] 28 U.S.C. § 1406(a) (providing for transfer "to any district or division in which [the action] could have been brought" when an action is initially filed in the wrong district or division).[4] To obtain appellate review, a party must timely file a notice of appeal, not a motion for transfer of venue.[5] Fed. R. App. P. 3. Hence, Plaintiff's motion is due to be denied.

Accordingly, it is ORDERED that the motion to change venue (Doc. No. 10) is DENIED.

---

[3] Plaintiff does not move for a change of venue under § 1404(a). She does not seek transfer to another United States Court district or division.

[4] Section 1406(a) is inapplicable. Venue is proper because "a substantial part of the events or omissions giving rise to [Plaintiff's] claim[s] occurred" in Montgomery County, Alabama. 28 U.S.C. § 1391. (*See* Doc. No. 1 (alleging claims arising out of events that occurred in Hope Hull, Alabama, and elsewhere in the Montgomery County legal system).) Montgomery County is within the Middle District of Alabama, Northern Division. Additionally, Plaintiff does not seek transfer to another United States Court district or division.

[5] Generally, a court will liberally construe as a notice of appeal a document that varies from the technical requirements of the applicable rules of procedure, but which meets the functional equivalent of those requirements. *See* Fed. R. Civ. P. 3 (setting forth the requirements of a notice of appeal); *Smith v. Barry*, 502 U.S. 244, 248 (1992) ("Although courts should construe Rule 3 liberally when determining whether it has been complied with, noncompliance is fatal to an appeal."); *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (stating that a "document filed *pro se* is to be liberally construed." (citation modified)). However, a notice of appeal must be filed "within 30 days of the entry of judgment or order appealed from." Fed. R. App. P. 4(a)(1)(A)(1). Plaintiff filed her document 56 days after entry of the order denying her motion for a temporary restraining order. (Docs. No. 5, 10.) Consequently, to the extent Plaintiff intended her filing to serve as a notice of appeal, it is untimely.

DONE this 4th day of February, 2026.

                                            /s/ Jerusha T. Adams
                                            JERUSHA T. ADAMS
                                            UNITED STATES MAGISTRATE JUDGE