IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| KIMBERLY COUCH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 2:25-cv-835-ECM-JTA |
| | ) (WO) |
| KAY IVEY, Gov., et al, | ) |
| | ) |
| Defendants. | ) |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff Kimberly Couch filed this action, proceeding *pro se* and *in forma pauperis*, on October 17, 2025. (Docs. No. 1, 2, 6.) For the reasons stated below, the undersigned recommends[1] that this action be dismissed without prejudice for failure to comply with court orders.

In her complaint, Plaintiff alleges twenty-two Defendants violated her constitutional rights in conjunction with her arrest, prosecution, and detention or imprisonment in Montgomery County, Alabama. (Doc. No. 1.) Plaintiff's complaint is a shotgun pleading. Though short, it does not include a plain statement of Plaintiff's claims showing she is entitled to relief as required under Federal Rule of Civil Procedure 8(a)(2). Thus, on October 30, 2025, the court issued an Order directing Plaintiff to cure the pleading

---

[1] The court exercises jurisdiction pursuant to 28 U.S.C. § 1331, as Plaintiff's claims appear to arise under 42 U.S.C. § 1983. On October 20, 2025, "pursuant to 28 U.S.C. § 636, this case [was referred] to the United States Magistrate Judge for all pretrial proceedings and entry of any orders or recommendations as may be appropriate." (Doc. No. 5 at 2.)

deficiencies by filing an amended complaint on or before November 21, 2025. (Doc. No. 7.) The court specifically cautioned Plaintiff that "[f]ailure to comply . . . may result in sanctions, which could include monetary sanctions, a recommendation of dismissal of this action with or without prejudice, or other sanctions appropriately designed to prevent future violations of court orders." (*Id.* at 4.)[2]

Despite the court's warning, Plaintiff did not file an amended complaint by the deadline. Consequently, on November 26, 2025, the court issued an Order directing Plaintiff to show cause, on or before December 15, 2025, why the case should not be dismissed for failure to prosecute and failure to comply with court orders. (Doc. No. 8.) To date, Plaintiff has not responded.[3]

Because Plaintiff has failed to comply with the court's orders, the undersigned concludes this case should be dismissed without prejudice. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (noting that "dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion")

---

[2] Additionally, as a repeat litigant in the Middle District of Alabama, Plaintiff knows too well the consequences for failure to comply with court orders. *See, e.g.*, *Couch v. Davis*, Case No. 2:25-cv-58-RAH-SMD (Doc. No. 9 (order adopting the recommendation of the magistrate judge that the "case be dismissed without prejudice because Plaintiff failed to file an amended complaint as ordered, let alone one that complies with the federal pleading standards").)

[3] On December 15, 2025, Plaintiff filed a document entitled "Show Cause/Change of Venue Demand." (Doc. No. 10.) Despite its title, the document does not in any way address the potential for dismissal for failure to prosecute or failure to comply. Hence, the undersigned does not construe the December 15, 2025 filing as a response to the November 26, 2025 order. Even if, contrary to appearances, Plaintiff intended the December 15, 2025 filing to serve as a response to the November 26, 2025 order to show cause, it does not comply with the order and is therefore simply another example of noncompliance.

(citations omitted). The authority of courts to impose sanctions for failure to prosecute or obey an order is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R. Co.*, 370 U.S. 626, 629–30 (1962). This authority "is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id.* It further empowers the courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id.* at 630–31. In this instance, where Plaintiff has failed to comply despite the court's clear admonition, the undersigned finds that sanctions lesser than dismissal would not suffice. *See Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989).

Accordingly, based on the foregoing, the undersigned RECOMMENDS that this case be DISMISSED without prejudice.

It is further ORDERED that, on or before **February 18, 2026**, the parties may file objections to this Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made. Frivolous, conclusive, or general objections will not be considered. The parties are advised that this Recommendation is not a final order and, therefore, is not appealable.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waive the right of the party to challenge on appeal the District

Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except on grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1. *See Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard, Ala.*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 4th day of February, 2026.

_____
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE